questions, please give us response and then go to o appreciate it. Anyone hav your honor. Okay, thank y other than to let you kno would like to reserve fiv Okay. And if you each wou because it's been recorde voices. So why don't you to go ahead. Certainly, y Lieber on behalf of the p Mayor. Um, we'll reserve let us know when you'd li start the argument. Okay. honors. Margarita M. Elbe of the defendant. Appelle Hollister, Incorporated. Mr Lieber, you may begin. Michael Lieber on behalf o Gregory Mayor. Mr Mayor, of this court's of the ci and a remand for further court aired in dismissing amended complaint. Greg a of action with particular improperly relied on affo employees as affirmative We've read the briefs. We the decisions by the lowe complaint and then an ame familiar, a lot of docume complaint, many complaints So, uh, just to begin, my let's talk about the firs little different than the the first two count one a involved, uh, 26 19 uh, w matter and nothing else. cases, uh, what is your b as to why the affidavits d matter that negates the c honor. Um, for both the Wi count one and the retaliat to our complaint alleges i asked to take action that he controlled the IP law t this both at length in th uh, what, what's the acti he was asked to take. He $43,000 into a budget tha would have to accept that on January. Was he accept just simply placed in his council? Well, it's, it's of the same coin because budget when his, uh, when said, look, I want to hid  would violate, um, uh, pr by the ceo on budgetary r budget and would violate issues that Hollister and held itself out. As, as s that money into an accoun would be doing things in But this is not, this is is not his personal accou account of the company. T as holding money in your hiding it. This is the co company's account. That's a, it's an account that h and I would liken it to t Alden Gardens in Young ve the nurse there who compl against and was ultimatel was told to make false rep records. Now, those weren records. Those were the m of the nursing home. This of the company, but a bud controls and as a lawyer, he control it? Did he hav and say, no, I'm not, I'm this budget, go back to t back with another one or that just was going to be was not part of, from wha the pleadings, he was not process of creating the b a figurehead to accept wh him? How does he control exactly. He, he controlled of the budget. The one sl control was when his boss it to the higher ups at t for approval. And then on into the budget as of 12 1st, Greg controlled all as a matter of fact, Holl dispute that Greg was in bills of hiring, controll of the budget was. In oth the amount of money that in this, I think the term at all condescending just that. No, I, I think it's fine, your honor. Um, uh, chosen by the top people the firm of john Dickinson it, but they chose a diff what Greg was ultimately recall Greg's boss decide money and told Greg, I ne in the hiding or parking let's look at the, that t that uh Murphy used the w Uh, the word hide if it w legal, you would say you You don't hide something park sounds like they're for other purposes. They' It's not permanent. It's is what Murphy said. Um, Hollister instructions to Uh, there are no reserves in the legal budget. So a had pretty tight um, a co would agree to that too. as a matter of fact, we a the night that Greg got t or park email. Anytime yo or park as a lawyer, you' and we even allege that G that night. Greg was an e lawyer who took an extrao step of refusing to do th ultimate professional pri he was fired. And you kno now, he has not been, he' in house lawyer anymore. the affidavit, this whole in your, uh, your briefs. at least in passing that is it a nature of a summe You go to a case about su you expand on that? Absol in a 2 6 19 motion, the f the complaint and the cou to be taken as true. The do that. We alleged at le to take action, that he r that he controlled the bu other things regarding th a number of things as wel get into that later. The is we alleged all this an Hollister offered was aff not true. He's not right. this, but that's not what about. A 2 6 19 motion ha the well pled allegations complaint. As you say, th admittedly, but we plead granular specificity of w to do, what he was told t come back with is affidav true. It's kind of like i where, you know, a traffi the complaint says the li the other side comes back saying no, the light was a 2 6 19 motion. That's c Well, and and and again a but to me, it's something is that they've admitted claim. Your claim is good and it admits that you ha correct, your honor. And and yet a lot of this stem the circuit court's funda of what this case is abou alleged these same things he refused to take these 8.4 C and its federal cou to patent lawyers such as concerned about impermiss and the KMT, the parent o issues. It also alleged o alleged that greg reasona by moving this money from and back and forth that c fraud or at least false s on Hollister's part. As p motion of the initial com up an affidavit from one treasurers who said the m in one pot because the pa joint tax returns for all in our amended complaint, fraud claim. The judge, t though, moored his dismiss complaint to that notion is all in one big pot. So how it's used. Now, that tax fraud purposes. But i and holding and hiding an an impermissible legal re forced to lie to his ceo, no budgetary reserves. He to essentially lie to the regulators worldwide. Whe and KMT are completely wa and that's what happened uh, uh, order, uh, what h he doesn't talk about the exonerated after at the e that, that he was, what h that he did. And then, th and the affidavits sound zone world where he's wro how you see that? That's they, you know, Hollister this really more goes to issue of whether he could believed, um, that there on here. Um, we know that because after he reported his boss reported it to h an outside law firm to in as your honor just said t said, greg, you did nothi this. And the firm also f nothing wrong. Uh, the, s the other side is making were violated and there's They argue that states th regulation was violated. Well, recall, well, first are on a 2619 motion. Um, to reasonable belief. Gre this stage of the game, t of showing that a law was it's the Palmatier case t and a number of others th and in response to a 2619 you need to do is show th believed that a law was b also state your honor tha this report. There has be we know is that they clai lawyer looked into what, doing and what the and if Schiller's affidavit who He said, I determined tha not involved, was not inv tax fraud problems again. violation that's at issue that outside lawyer did n Mr Murphy or whether my c rule 8.4 C of the Illinois just say one quick item a fourth count, promissory inducement. The circuit c additional reversible err because first of all, the Greg could not rely on th code of conduct because h 2015 code of conduct beca employment contract was contract. So they could f The problem is the compla that employment contract all show that that contrac if it is in writing by an of Hollister. The code of 87 years later was in wri by the president of Holli We allege this. We allege in the affidavit and it s in the employment contrac the exhibits attached to Given that that code of c the 2007 employment agree said Greg can't be fired He can't be fired if he r wrongdoing at the company from retaliation. The jud judge ignored that. And i circuit court judges, um, judges opinion cites zero for the standard governin and the elements of each of the four things. Greg who took his ethical resp extraordinarily seriously court wrote a bare bones, which largely cut and pas opinion related to a very complaint. Greg is an Illa the rules set forth by ou deserves better. Uh, we d and a remand so we can go and prove our case. If, u issues, which is all they' issues here. The time to 2619 motion. The time to judgment or a trial. Any Thank you. You'll have yo you. You may proceed plea your honors again. Margar Alberto on behalf of Depe Incorporated may please t The circuit court, um, di all of the circuit courts rulings should be confirm start out with the sectio claim because it is reall overarching concept of al that is that Mr Meyer's a to the fact that General business decision, whethe with it or agreed with it business decision made by the company's own money t aware of. So if that's un the claim, correct? Yes. clad fax admitted the cla claim. Yes. Is that corre Now, what you just said w decision making. Is that not? Why not? You're you' saying these under these mean that that's a questi the later day. Maybe a su but there hasn't been any juncture. Uh, why are, wh affidavits? Uh, how do th claim? It has to be a ful The affidavits do negate manner. Um, number and nu out with by stating that complaint does not state. that this was not a busine Murphy. Nowhere in the co that it is. It unequivoca this was a this $43,000 a intellectual property law mr Murphy's decision. No mr Murphy, excuse me, wha with is whether or not he participated, um, in an a with Mr Murphy's decision allocation to the I. P. L The reason that we are, w matter is that if you loo and you hold it up to the 7 18 or 7 28 PM email tha bugaboo. The complaint is at odds with the very lan email. And the law in Ill a court can consider docu to the law in what ways i email? Yes. The amended c Meyer to hold and to use t doesn't say that at all. simply says I have made a hide $43,000 in the total  That's right. Hi. Hi. Hi. Okay. But your honor, hi. What does? My question is me. Thank you. As Mr Murph in his declaration, he ex explained it in his email that is that to Mr Murray to Mr Meyer that is attac affidavit. He explains th medicals service business the S. B. U. S. They're n about their. No, I underst I read of it. So we're go I thought my question was somebody uses the word hi are special meanings, par Uh, if something's on the hide it? Just yes or no. It can be. Yes, it can be something. It can be. Yes And when you had a high so mean? You don't want some just see it, right? You d to know about. You want t No, not nobody, not anybo people to know about it l ups. No, no, I don't know  of facts, a lot of facts. So my question to you is, saying that the complaints true? Isn't that really? affidavits that you have a facts, right? It's about as I read it saying they'r not true. Is that correct agree? You're shaking you they, that is correct. Th of law and conclusions of So you're saying that it things that it's it's a n That's what it is, right? the facts without any dis We are testing facts that and no, where did you say not well pled. I don't se you and your brief talk a Any particular citation n what we speak at length a Mr Myers, not well pled e What in your complaint? I brief you talk about conc that correct? Yes. And yo paragraph. You mentioned it very carefully and you don't tell us what is conc And even if you tell us o Uh, there are 400 paragraphs We're not mind readers. Y conclusory. And when you I looked up every time yo it was in a very broad co just say, well, it's conc makes no sense to us. We I don't know what you're What's conclusive. So you there specifically. Did y if I am wrong. Thank you. my brief. Just can you gr brief in opposition? But off the top of my head wh our memorandum in support combined motion to dismiss We specifically argue and where Mr Meyer alleges th in the November 28 email, Meyer that he has to parti and parking of the of the We argue in the brief tha what the document states. Meyer didn't attach the e The law is clear that whe and document not attached that document at issue th can take, um, can consider that document when rulin to dismiss either under s under section 2-6 19. And the Northwest Illinois Ar versa versus Boston case to 10234. And it's also t a J. W. A. Versus Metropo insurance company at 208 2004. Um, well, let's, le say that this is a not tr what you said. Correct. C you come to affirmative d is a question of, uh, not necessarily not true, but yes, but because you've s a claim, but, but okay, b at these facts, that's no a not true in the case la about something that's cl to and not true. It's not in which case we would ha the first two counts. Now not follow the clear law, not true. Uh, it has to d dispute. Not a, not a yes saying it's not a yes, bu contract contradicting ev they're saying in their, If the complaint, if the that let's, let me take a Meyer alleges that rather murphy allocating $43,000. allocated $100,000 to the look at the november 28th plaintiff in his complain because he's pointing to the hiding or parking. An email and that email doesn $43,000. It talks about $100 It's contrary. We're not d Murphy said I've upped th or parking X number of do that he used words hide o saying is using the terms to hide and I'm hiding or $43,000. That does not ge a, I'm telling you to par now. Here's the problem t back up a second. So the that Mr Meyer is responsi a budget for the I. P. T. is prepared, it's sent to murphy. And then Mr Murph for going to the board of that budget approved. The appear to be because the out yet. There's been no appears to be that the bo that was submitted and th submitted is the same bud Mr Meyer prepared and that was approved after the bu the board of directors. M an independent decision t that budget by $43,000. B to hide. No, no, it's reve I think you got the name Mr Mr Murphy is asking Mr $43,000 in the budget. In you're right. He didn't t because he couldn't use i being hidden there. And t raises his concern is that to hide this money, which purposes, there's, it has the board that the money in his budget, but it's t to hide it such that for don't know. But I think a can see why Mr Meyer would as a lawyer that he's bei something. It's no differ than your neighbor coming you to hide his or her ca garage. You don't know if in a crime and now you're in the garage, you can be after the fact of a crime why Mr Murphy is asking M money. But I can understa And again, here, Mr, as M earlier, Mr Meyer is not anything at this point. H to allege facts that woul on and engage in discover be required to prove thes please respond to that. U your honor. Um, first, t approved by the board of Hollister was one big num approve. They didn't go a different law team budget was the I. P. Law team. T That's not, that's not in aspects. It's not in the telling me, you're tellin never saw the budget prep that they just saw one bi legal department and then the large budget of the l an individual budgets. Th record. And if it's there me what page that's on. Y know, you don't have time you're short on time. But that's in the record, uh, this and I believe you sh telling us where we can f Um, your honor in Mr Murph and it's in the record be particular paragraph is i I did not present a fiscal budget at the annual oper at the A. O. P. Meeting b no need for us to do that for me to do that. This i ceo and CFO told me what was based on historical d ups didn't even look, the for 2019. What they relia year 2018 budget. So they you're going to your hono of reasonableness. But pl that under a section 20 Il Act claim his reasonablen reasonableness is not an i of the day. The question refusal to accept the $43 already baked in to the b 2018 whether that would h violation of a federal or and it simply wouldn't as court said, this is the m the company. It's like Mr out of his right pocket a his left pocket. Well, yo that to me, I, what I hea from your side on a motio We don't know any of thos hasn't been any discovera here and you, I'm not try course, but we have a fac what you keep doing and a questions is going back t facts and trying to argue and the facts of this. Th is for. None of that nega summary judgment. You kno summary judgment. I don't future. I'm having troubl manner does not include u in the complaint. You're saying there's something of it outside of it. It s at all. And all you're sa outside. I'm going into t there's nothing. That's s am I wrong? I respectfull your honor. I know you di the reasons is that Mr. M doesn't address these all no, no, no, no, no, you'r not listen. I don't need to 16 has already said th is a valid claim. So when you're contesting the cla conceded, you don't get t case without conceding th a good claim. We don't, w concede that there's a go that, then you just conce have to reverse. I'm just words in your mouth. But you just said is you do n what real 16 19 believes. that, if you're saying it the judge at a 6 19, we h just conceded the case. Y not following your argume a difference between a 6 motion? A 6 15 motion say have, I agree with everyt the plaintiff has stated, a claim. For example, he' the argument over the all cost. A 26 19 says, even is true, the well pled fac that are not conclusions of law. He has no claim a and that's what Mr, that Murphy's affidavit. Mr. M is about facts. It's abou gone over this. What? Not repeatedly by the appella affidavits, uh, are not af been stated repeatedly. S as I said before, um, you you, you have said the wh in there, there's conclus know where it is. Maybe i But how about the other 4 I mean, we cannot, you're is de novo review. You hav trying to hold your cards you just justices. What i that's a loser. Where, wha It's not there. What's, w well pled issue of fact o fact is when the complain email of November 28th sa but you, again, you've al is well pleaded because t said it. You told me the know the difference, but not going to concede this we don't know exactly wha it's not in your brief. Y disagree and may I know I may I make one more point you off. I mean, this is important to you. Thank y or more to respond. So th Thank you. Um, you're abo the, um, yes, thank you. Walker. Um, with regard t 2020. Uh, Mr. Uh, Meyer h refusal to accede to the of him would violate a la He has a plea or show. Th those two words. Well, he have to show it now. He h that he did. He bled it b agree with it. And you're it. He doesn't have to sho summary judgment to us. T you know, I understand th you disagree with his cla that completely. But the an old case law basically of the cases that you cit as well and read them dif again, at least for the f you can't have the both w to cite to the Llewellyn L. E. W. E. L. I. N. G. S to 76 left 3rd 1st distric is affirming a, uh, the t granting of a motion to d a section 20 retaliatory the plaintiff alleged tha insisting that the employ rules and regulations in motor carriers. That was the allegation in the com court held and granted th to dismiss that plaintiff And that was because as a the question of whether t inbound, for example, and talking about a section 2 a retaliatory discharge c held as a matter of law t that the plaintiff was co economic legislation, whi served purely commercial to do with the vial and d of a violation of a law r Judge Kibasiak was correc Mr Meyer could not as a m in his amended complaint in any reiteration that t his refusal to concede wo in the violation of a law And why is that? Because said, the money is the co the company's money. We d a motion for summary judg to make that ruling. And the court did. That's wha in, um, in the Llewellyn And so, you know, Mr Murp declaration. It's not, it of the allegations of fac is the company's money. T and J. D. S. Is the same and excuse me, the ceo an company is the same one a budget was approved. They money was used. They just in at or below budget. I' I just checked your brief Llewellyn case. Did you? didn't disclose that just hit it. No. Well, the hon didn't disclose that you as if you had cited it an asking, there are parts o you, you have, you know w is because you have a lot Then there are other spa could could seriously deb what it says. And there a then you're asking us to want us to read the whole out that that's what it s what the whole decision s instances that are pointe brief. If you want to kno about. I just think let's this case is about is Mr. you want to call him his not the corporation, it's what he was to do. And yo not the issue. Is that am That's a difference in vi you in the planet. Um it that is not our position. that their position is he it's about him and what i to him and what he had to he had to make. You keep Hollister Hollister Holli to clarify that. Yes, tha position is that with reg a section 20 claim unless Mr Murphy engaged in was a law ruler regulation. H and I will not say it aga done that. You said he ca it. That's what a 6 19 mo So you know, you're not g the 16 6 19 to 6 15 are e not. But you just said it We aren't looking at what is there. Okay. Now, if y facts, some are done somet He didn't claim that you' a claim. He just talked a my remaining time, your h would allow me to have a Um, with regard to the, u discharge claim, count to two points. He didn't hol that he would be violating mandated policy, excuse m policy. And in that regar the court's attention to Um, again, he didn't hold of a belief question of f 6 19. He says, I did. You you can contest it, but t is not here because you h why this completely negat are the facts and I disag the facts in the claim. Yo case, the court found as a 2 6 15 motion that the motion. I, but I'm addres if I didn't make that cle the 2 6 15. Um, the 2 6 1 Excuse me. I'm addressing go back for a moment. My your honor. Um, what I'm are absolutely right. You um, dismissed the retalia under a 2 6 19 89. We arg level that the complaint dismissed with prejudice And that's the argument I don't need to make that a not going to decide it. It that the court decided mo discharge, excuse me, mov the promissory estoppel c fraudulent, uh, inducemen trial court correctly fou cannot rely upon the anti in the Hollister code of the anti retaliation prov website because he alread duty. Um, under Illinois conduct 1.1 excuse me, 1. for Hollister to report o unrelated to the code of unrelated to the website the anti retaliation prov he had the duty under the that was in existence at employment, which also re management of any activi Hollister's ability to co in accordance with laws a high ethical standards th an anti retaliation provi he always knew that his e will and that the anti re didn't change his at will counsel for plaintiff ref that the argued that cod in fact, it will be, uh, or excuse me, that it is in Mr, um, in Mr Meyers' but it isn't an agreement employment agreement at C paragraph 15 says that th changed, altered or modif in writing, signed by the Hollister. No other perso to change, alter modified of Hollister, wasn't it? It says that when somebod a code, that's not an agr and employee. Is that you correct? Your honor. It i of conduct do not apply t because because what they if they're made later, so whatever, it doesn't beco It is a, it is a policy, agreement as you don't ha don't have to follow it. follow it. They do have t It is not an agreement. T That means they can't fir something. Correct. If th and lastly, with regard t inducement count. Um Mr M a document that he was fr to sign because of the an He claims that the Hollis is the document. Um but t that contains the anti re and you can't rely upon t the the promise if you wi that was the fraud. And t versus Royal Bank of Scot in the, he tries to circu by arguing that the head for Hollister back in 2015 that if he reported condu that he wouldn't be fired clear is that a statement statement that's made tod fraud for for for an acti takes after the statement the you know, that's the versus Ace Hardware Corp Yeah, I read that case th us a pin site on it and u that that's what it says. is a way that I do with f disagree with me? Did it It did have to do with fi I don't see the relevance and the fact that you had to me that you do too bec You're saying it's the ho it is. Tell me if I'm wro these statements because my mind and I want to mak know, we've given you a l you to get your argument I want you to hear some t go through my mind readin your honor. Um, I, I do n when I cited it and I'm n see now the distinction be there's factually a differ that Avon dealt with fina opposed to a statement, t Erickson made stating tha if you report, um, what y conduct, you won't be fir that that present time, p in 2015 and support a fra for Mr Meyer reporting, M 20 and two years later, 2 in 2018, three years late I would like to point out Mr, um, plaintiff's counc he, that there were anti Meyer mentioned antitrust the record doesn't support not one, there's no, no p that says that at either either in the original co complaint or in the plaint mentions antitrust violati thank you very, very much do appreciate it. And in respectfully requests tha all of the trial court's very much. Thank you repl honors. A couple of quick all, admittedly, we did n of conduct to the complai attach any of these email my client, Greg Mayer and when Greg was fired and e when he was a little nerv thing. He did the right t out documents belonging t why he didn't have him. T attach the code of conduc what it says. We don't kn a contract. We don't know the policy. Greg signed i to review it. He reviewed this happened sometime la of other quick items. Um Council refers to this as bugaboo. This is not a bu somebody's life. This is This is a lawyer. This is put in an ethical situati ever wishes that they wou in. And when he was put i did the right thing. I wo a moment to respond to a related to counts three a Council ended with. First Um, as to both counts thre were, uh, they're contest had a rule of professiona 13 duty to report what he conduct, uh, is entirely  must be taken as true. Th that there was no rule 1. did not believe that there of a likelihood of substa company. We're talking ab You know, I don't want to numbers because that's hi information. But you can company like Hollister, i number. It's far, far, fa He didn't think that ther likelihood. He also didn' was going to be violating think he was going to be because he refused and he Mr Murphy was going to be because he told Mr Murphy this. I will not particip Mr Murphy sent it up to h it up to his boss who sen firm. So all that time, M Greg did not believe that that there was anything t to report. Second, as we 2007 contract, we believ allege in our complaint w the code of conduct. So G 100% at will employee. We more, but we don't have t We don't have the code of didn't steal it. And beca through discovery. Third, ethics document that they pointed out to the trial to provide that document employment lawyer asked f file. Therefore, should t It's entirely off limits. our complaint that Greg n supposed 2002 document, t He was never, he never si attached or referenced in All of these things are c of fact that need to be g discovery. And that's a b you know, they talk about time this Llewellyn versus not to be too clever, but in any of their briefs. I in their briefs to this c not found in the briefs b that we've gone over that you have? Um, well, I wou this. Um, uh, one last po inducement. They claim th allegations of future prom non allegations of future allege in our complaint, They said at the time we of conduct in place. As o As of tomorrow, you're pr years from now, you are p though Greg ultimately wa is highly different from wasn't about a current pr to Greg at that time. It a case about future finan We all know how much futu can change over time. Thi a bugaboo. This is about is about a man's livelihood Illinois lawyers, honesty who made the tough decisio to follow the Illinois Su The circuit court gave sh a skeletal read thin dism cut and pasted from its p that cited no case law fo where all Hollister did i well pled allegations but fact question after not t after not true fact quest be reversed and remanded you your honors. I want t for your briefs and for y we are an active bench an my colleagues that you bo